**YELLOW CAB & BAGGAGE COMPANY, Appellant,**

v.

**CITY OF AMARILLO et al., Appellees.**

No. 6435.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 25, 1954.

Rehearing Denied Nov. 15, 1954.

Simpson, Clayton & Fullingim, Amarillo, for appellant.

Monning & Monning, Sanders, Scott, Saunders & Smith, Amarillo, C. J. Humphrey, Amarillo, of counsel, for appellees.

NORTHCUTT, Justice.

This was an action brought by appellant seeking permanent injunction enjoining the City of Amarillo from issuing taxicab permits to the Checker Cab Company and enjoining the Checker Cab Company from operating under the permits issued by the city. Appellant claimed that the permits issued by the city were unlawful and that the conditions of Ordinance 1696 were not complied with.

Appellant contended that the burden of proof was upon the Checker Cab Company to establish by clear, cogent and convincing evidence that the public convenience and necessity required the operation of the vehicles for which said application was made and that the Checker Cab Company failed in such proof and that the action of the city in issuing such licenses was arbitrary, unreasonable, capricious, discriminatory and without cause or justification and not in accordance with the terms and provisions of Ordinance 1696 and that the issuance thereof was unlawful and void and resulted in an unlawful, capricious,

unreasonable, unjustified and discriminatory establishment of an unlawful, competitive business to that of appellant and that, by reason thereof, appellant's property rights were and would be impaired and irreparably damaged and jeopardized unlawfully and that appellant had no other adequate remedy at law other than the injunction prayed for.

Under Ordinance 1696, those desiring licenses should make proper application to the Director of Transportation for the same and, after proper notice, the hearing is to be had by the Director of Transportation. If the Director finds, from his investigation and the public hearing, that public convenience and necessity justifies the operation of the vehicle or vehicles for which the license is sought, he shall notify the applicant of his findings and, after other requirements on the part of applicant have been complied with, file his written findings and decision with the City Secretary certifying that the public convenience and necessity require the operation of the taxicabs or less number of taxicabs which the applicant desires and proposes to operate with his recommendation that applicant be entitled to have said vehicle or vehicles licensed as taxicabs and shall cause a license or licenses to be issued by the City Secretary.

If the Director finds from such investigation and public hearing that public convenience and necessity do not justify the operation of the vehicle or vehicles as taxicabs for which licenses is desired, he shall forthwith so advise the applicant of said findings and shall file said findings and decisions with the City Secretary.

The ordinance provides for an appeal from the Director's findings as follows:

"(f) After the Director of Transportation has made his findings and declared the same, any person interested shall have the right to appeal from the decision of the Director to the City Commission of the City of Amarillo within ten days; and said appeal shall be perfected by addressing and delivering a letter to the Honorable

Mayor and City Commission, Amarillo, Texas, stating that an appeal from the decision of the Director of Transportation to the City Commission as a whole is desired. The City Commission, as soon as practicable, after receiving said notice of appeal from the finding of the Director, shall grant said appellant a hearing, and shall *modify*, sustain or reverse the finding made by the Director, and shall certify its decision to the Director for observance. If no appeal is taken from the finding made by the Director within the time provided above, the findings and decision of said Director shall be final."

The Yellow Cab & Baggage Company and the Safeway Cab Company both filed written protest to the request of the Checker Cab Company for the five additional permits. A hearing was had by the Director of Transportation on June 20, 1953 and he approved the issuance of the five additional permits. The matter was appealed to the City Commission of the City of Amarillo and a hearing was had by the said City Commission on July 7, 1953 with the Mayor and both City Commissioners being present. After the Commission had such hearing, the Commission affirmed the action of the Director of Transportation and ordered the five additional taxicab permits issued to the Checker Cab Company.

On July 17, 1953, the Yellow Cab & Baggage Company filed this suit in the 108th District Court of Potter County. On final hearing by the trial court, judgment was entered that the Yellow Cab & Baggage Company take nothing by virtue of its cause of action and that it pay all costs, to which judgment the Yellow Cab & Baggage Company excepted and gave notice of appeal and has perfected this appeal.

Appellant presents its first twenty assignments of error together. Each of these twenty assignments complain as to some point of error committed by the trial court in sustaining the defendant's motion for summary judgment. As shown by appellant's brief where it is stated: "The court after having considered the pleadings of all parties together with Exhibit A (Exhibit A being Ordinance 1696) of plaintiff's petition and the statement of facts reflecting the hearing had before the City Commission of Amarillo, granted the motion for summary judgment filed by the defendant's and denied all relief sought by the plaintiffs". The judgment recited that the plaintiff and defendants appeared by their attorneys and announced ready. Then the court recites: "The court having considered the pleadings, exhibits, and sworn affidavits, and there being presented to the court the transcript of the public hearing held by the Honorable City Commission of Amarillo, Texas, on July 7, 1953, and having considered Ordinance 1696 and all of the amendments thereto, including Ordinance 1952, all of said ordinances being introduced and agreed upon by all counsel, it is the opinion of the court that defendant's motion for summary judgment should be granted". The undisputed record in this case showed that the Yellow Cab & Baggage Company had 45 permits and were only using approximately 28 or 29 cars and the Safeway Cab Company held 32 permits and were using only approximately 20. Prior to the request in question, the Checker Cab Company had only five permits and were using all of them and asked for only five more. The undisputed evidence shows that during the first five months of 1953 the gross receipts of the Yellow Cab & Baggage Company greatly declined while the gross receipts of the Checker Cab Company greatly increased. We are of the opinion that the trial court by its findings correctly determined that the City Commission did not act arbitrarily, unreasonably, discriminatorily, unjustifiably and without substantiation in rendering their decision. We are of the opinion, and so hold, that the action of the City Commission in granting the five additional permits was final unless it is clearly made to appear that their action was arbitrary, unreasonable and a clear abuse of power. It was held by the Supreme Court of Texas in the case of Town of Ascarate v. Vil-

lalobos, 148 Tex. 254, 223 S.W.2d 945, 950:

"The action of the governing body of a city in passing an ordinance is final and conclusive, and cannot be revised by the courts, unless it is clearly made to appear that their action was arbitrary, unreasonable, and a clear abuse of power, Halsell v. Ferguson, supra [109 Tex. 144, 202 S.W. 317]; City of New Braunfels v. Waldschmidt, 109 Tex. 302, 207 S.W. 303, reversing Tex.Civ.App., 193 S.W. 1077; see 30 Tex.Jur., p. 125, § 59."

We are of the opinion that the same rule of law would apply to·the action of the City Commission in granting the additional permits. It was incumbent upon appellant in the trial court to show the action of the City Commission was unreasonable, arbitrary and a clear abuse of power. This was not done. The taxicab business is a competitive business just as any other business and the public has a right to determine what taxi-cab company it desires to call and neither the City Commission nor any one else has a right to determine which of the three taxicab companies here, all three are licensed by the City, shall serve the public. It would be unjust and unreasonable to permit one company to have more permits than the public demands require that it have and, at the same time, refuse to grant another company additional permits where the public demands require that they have additional permits.

■ By appellant's points of error 21 through 32, it complains of the action of the trial court in holding that Ordinance 1952 was void. We are unable to find in this record where the trial court made any holding as to the validity of either of the ordinances. The judgment of the trial court in its findings stated: "All of said ordinances being introduced and agreed upon by all counsel". It is true appellant in its reply to appellees' motion for summary judgment contended that Ordinance 1952 was unlawful, arbitrary, discriminatory and etc. but appellant should not have introduced the ordinance and agreed upon it if it was going to contest its validity. Appellant was relying, for its rights, upon Ordinance 1696 the same as appellees and should it be admitted that Ordinance 1952 was void, there is nothing in this record to show that the trial court did not rely wholly upon the matters set out in Ordinance 1696.

All of appellant's assignments of error are overruled. Judgment of the trial court affirmed.